OPINION *Page 2 
{¶ 1} Plaintiff-appellant Esther Berlin, Administratix of the Estate of Charles Berlin, appeals the April 6, 2007 Judgment Entry of the Stark County Court of Common Pleas excluding the testimony of Appellant's sole expert witness upon the motion of Defendants-appellees John Thompson, M.D. and Alliance Medical Specialists, Inc.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On November 7, 2005, appellant initiated the within medical malpractice action. Appellant's complaint alleged John Thompson, M.D. and Alliance Medical Specialists, Inc. negligently caused the death of Charles Berlin on September 22, 2004.
 {¶ 3} In the course of discovery, Appellant offered the testimony of Dr. Demetrious Dallis as her only expert. On August 23, 2006, Appellant voluntarily dismissed the action. On September 20, 2006, Appellant refiled the action, and the parties agreed to the incorporation of all discovery from the initial action.
 {¶ 4} On February 1, 2007, Appellees moved the trial court to exclude the testimony of Dr. Dallis, arguing Dr. Dallis does not meet the requirements of Evidence Rule 601(D) to testify as an expert witness. Appellees further moved the trial court for summary judgment in their favor as Dr. Dallis was Appellant's sole expert witness.
 {¶ 5} Via Judgment Entry of April 6, 2007, the trial court granted Appellees' motion to exclude the testimony of Dr. Dallis, finding Dr. Dallis was not engaged in the active clinical practice of medicine at the time of the alleged negligence or at any time after the lawsuit was filed. *Page 3 
 {¶ 6} The parties subsequently submitted a Judgment Entry acknowledging summary judgment was appropriate in Appellees' favor, which the trial court approved and filed on April 17, 2007.
 {¶ 7} Appellant now appeals the April 6, 2007 Judgment Entry of the Stark County Court of Common Pleas excluding the testimony of Appellant's expert witness Dr. Dallis.
 {¶ 8} Appellant raises the following assignment of error:
 {¶ 9} "I. ASSIGNMENT OF ERROR — THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT-APPELLEE, JOHN THOMPSON, M.D., ETAL."
 {¶ 10} In the sole assignment of error, Appellant maintains the trial court erred in excluding the testimony of Dr. Dallis, and improperly applied Evidence Rule 601(D) in determining whether Dr. Dallis was competent to testify as an expert witness, resulting in summary judgment in favor of Appellees.
 {¶ 11} Evidence Rule 601(D) states:
 {¶ 12} "Every person is competent to be a witness except:
 {¶ 13} * * *
 {¶ 14} "(D) A person giving expert testimony on the issue of liability in any claim asserted in any civil action against a physician, podiatrist, or hospital arising out of the diagnosis, care, or treatment of any person by a physician or podiatrist, unless the person testifying is licensed to practice medicine and surgery, osteopathic medicine and surgery, or podiatric medicine and surgery by the state medical board or by the licensing authority of any state, and unless the person devotesat least one-half of his or *Page 4 her professional time to the active clinical practice in his or herfield of licensure, or to its instruction in an accredited school. This division shall not prohibit other medical professionals who otherwise are competent to testify under these rules from giving expert testimony on the appropriate standard of care in their own profession in any claim asserted in any civil action against a physician, podiatrist, medical professional, or hospital arising out of the diagnosis, care, or treatment of any person." (Emphasis added.)
 {¶ 15} It is undisputed Dr. Dallis maintained current licensure to practice medicine in Ohio. However, the trial court found Dr. Dallis did not meet the other requirements of Evidence Rule 601(D) necessary to testify as a competent expert witness.
 {¶ 16} The malpractice alleged in Appellant's complaint occurred in May and/or June of 2003. During his deposition testimony, Dr. Dallis testified he retired from the active practice of medicine in 1997. Since his retirement, Dr. Dallis testified he attends various medical meetings, both at the hospital and elsewhere and has been maintaining his credentials. Dr. Dallis stated the last time he had some instructional responsibility for a medical student, resident or intern was a couple of years ago, and was only a very short time each year of plus or minus ten hours per year.
 {¶ 17} The active clinical practice or instruction requirement of Rule601(D) is a subjective requirement. Crosswhite v. Desai (1989),64 Ohio App.3d 170.
 {¶ 18} Appellant cites the recent Ohio Supreme Court opinion inCelmer v. Rodgers, 2007-Ohio-3697, in support of her position. However, upon review of the *Page 5 Celmer decision, we do not find the holding helpful to Appellant's cause. The syllabus in Celmer states:
 {¶ 19} "In a medical malpractice action where trial continuances requested by the defense and the insolvency of a defendant's carrier delay trial for such time as the plaintiff's medical expert no longer devotes one-half of his professional time to the active clinical practice of medicine, and where the medical expert is not a professional witness, a trial court has discretion to permit that witness to testify as an expert at trial."
 {¶ 20} In the case subjudice, Appellant does not assert delay caused by appellees. Dr. Dallis' testimony demonstrates he retired long before the cause of action accrued. Dr. Dallis does not devote one-half of his professional time to the active clinical practice of medicine, nor did Appellant demonstrate Dr. Dallis devotes one-half of his time to medical instruction in an accredited school. Accordingly, the trial court did not abuse its discretion in excluding the testimony of Dr. Dallis as an expert witness pursuant to Ohio Rule of Evidence 601(D). *Page 6 
 {¶ 21} The April 6, 2007 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
 Hoffman, J., Gwin, P.J. and Wise, J. concur *Page 7 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment entry of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1